IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANET RENEE JONES, | ) | CASE NO. 5:17 CV 1442 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Janet Renee Jones, for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated July 10, 2017.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

[5] ECF # 6.

[6] ECF # 13.

briefed their positions[7] and filed supplemental charts.[8]  Jones did not file the fact sheet.[9]

Although oral argument was scheduled, it was continued once on Jones's motion and then

once *sua sponte* by the Court.[10]  Regrettably, the Court's calendar prevented rescheduling the

oral argument in advance of issuing this report and recommendation timely.

For the reasons set forth below, it is recommended that the decision of the

Commissioner be reversed and remanded for further administrative proceedings.

## Facts

### A.    Background facts and decision of the Administrative Law Judge ("ALJ")

Jones, who was 57 years old at the time of the administrative hearing,[11] graduated high

school and lives with her two adult daughters.[12]  Her past relevant employment history

includes work as a customer service representative and an administrative assistant.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of

the Commissioner, found that Jones had severe impairments consisting of: degenerative disc

disease – cervical spine; degenerative joint disease – right shoulder; chronic fatigue

---

[7] ECF # 22 (Commissioner's brief); ECF # 18 (Jones's brief).

[8] ECF # 22, Attachment 1 (Commissioner's charts); ECF # 21 (Jones's charts).

[9] *See* ECF # 13.

[10] *See* ECF #s 24-26.

[11] ECF # 12, Transcript ("Tr.") at 45.

[12] *Id*. at 45-46.

[13] *Id*. at 31.

syndrome; arrhythmias; diabetes mellitus; and obesity.[14] The ALJ made the following finding regarding Jones's residual functional capacity:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: the claimant cannot climb ladders, ropes, or scaffolds. She can only occasionally climb ramps and stairs. She can only occasionally stoop and crouch. She can never kneel or crawl. The claimant can only occasionally reach overhead bilaterally. The claimant must avoid concentrated exposure to temperature extremes. She also must avoid workplace hazards such as unprotected heights and dangerous moving machinery.[15]

Given that residual functional capacity, the ALJ found Jones capable of her past relevant work as a customer service representative and administrative assistant and, therefore, not under a disability.[16]

## B.    Issue on judicial review

Jones asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Jones presents the following issue for judicial review:

- •    Whether the ALJ erred at Step Four of the sequential evaluation.[17]

---

[14]  *Id*. at 28.

[15]  *Id.* at 29.

[16]  *Id.* at 31-32.

[17]  ECF # 18 at 1.

The Court recommends that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings.

## Analysis

**A.      Applicable legal principles**

*1.      Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

-4-

survives "a directed verdict" and wins.[19]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating source rule*

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[21]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[22]

---

[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[21] 20 C.F.R. § 404.1527(c)(2).

[22] *Id.*

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[23] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[24]

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[25] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[26] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[27] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[28]

In *Wilson v. Commissioner of Social Security*,[29] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in

---

[23] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[24] *Id.*

[25] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003) (citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003)).

[26] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[27] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[28] *Id.* at 535.

[29] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

the context of a disability determination.[30]  The court noted that the regulation expressly

contains a "good reasons" requirement.[31]  The court stated that to meet this obligation to give

good reasons for discounting a treating source's opinion, the ALJ must do the following:

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(c)(2) to determine the weight that should be given to the treating source's opinion.[32]

The court went on to hold that the failure to articulate good reasons for discounting

the treating source's opinion is not harmless error.[33]  It drew a distinction between a

regulation that bestows procedural benefits upon a party and one promulgated for the orderly

transaction of the agency's business.[34]  The former confers a substantial, procedural right on

the party invoking it that cannot be set aside for harmless error.[35]  It concluded that the

regulatory requirement for articulation of good reasons for not giving controlling weight to

---

[30] *Id.* at 544.

[31] *Id.* (citing and quoting 20 C.F.R. § 404.1527(d)(2)).  This provision is now found at 20 C.F.R. § 404.1527(c)(2).  *See* SOCIAL SECURITY ADMINISTRATION, HOW WE COLLECT AND CONSIDER EVIDENCE OF DISABILITY, 77 Fed. Reg 10651, 10656 (Feb. 23, 2012).

[32] *Id.* at 546.

[33] *Id.*

[34] *Id.*

[35] *Id.*

a treating physician's opinion created a substantial right exempt from the harmless error rule.[36]

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[37] recently emphasized that the regulations require two distinct analyses, applying two separate standards, in assessing the opinions of treating sources.[38]  This does not represent a new interpretation of the treating physician rule.  Rather, it reinforces and underscores what that court had previously said in cases such as *Rogers v. Commissioner of Social Security*,[39] *Blakley v. Commissioner of Social Security*,[40] and *Hensley v. Astrue*.[41]

As explained in *Gayheart*, the ALJ must first consider if the treating source's opinion should receive controlling weight.[42]  The opinion must receive controlling weight if (1) well-supported by clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence in the administrative record.[43]  These factors are expressly set out in 20 C.F.R. § 404.1527(c)(2).  Only if the ALJ decides not to give the treating

---

[36] *Id.*

[37] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

[38] *Id.* at 375-76.

[39] *Rogers*, 486 F.3d at 242.

[40] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

[41] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

[42] *Gayheart*, 710 F.3d at 376.

[43] *Id.*

source's opinion controlling weight will the analysis proceed to what weight the opinion should receive based on the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6).[44] The treating source's non-controlling status notwithstanding, "there remains a presumption, albeit a rebuttable one, that the treating physician is entitled to great deference."[45]

The court in *Gayheart* cautioned against collapsing these two distinct analyses into one.[46] The ALJ in *Gayheart* made no finding as to controlling weight and did not apply the standards for controlling weight set out in the regulation.[47] Rather, the ALJ merely assigned the opinion of the treating physician little weight and explained that finding by the secondary criteria set out in §§ 404.1527(c)(i)-(ii), (3)-(6) of the regulations,[48] specifically the frequency of the psychiatrist's treatment of the claimant and internal inconsistencies between the opinions and the treatment reports.[49] The court concluded that the ALJ failed to provide "good reasons" for not giving the treating source's opinion controlling weight.[50]

But the ALJ did not provide "good reasons" for why Dr. Onady's opinions fail to meet either prong of this test.

---

[44] *Id.*

[45] *Rogers*, 486 F.3d at 242.

[46] *Gayheart*, 710 F.3d at 376.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.*

To be sure, the ALJ discusses the frequency and nature of Dr. Onady's treatment relationship with Gayheart, as well as alleged internal inconsistencies between the doctor's opinions and portions of her reports. But these factors are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight.[51]

In a nutshell, the *Wilson/Gayheart* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive controlling weight.[52]  The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[53]  In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating physician disagrees with the opinion of a non-treating physician[54] or that objective medical evidence does not support that opinion.[55]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes

---

[51] *Id.*

[52] *Rogers*, 486 F.3d at 242.

[53] *Blakley*, 581 F.3d at 406-07.

[54] *Hensley*, 573 F.3d at 266-67.

[55] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010).

a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[56]  The Commissioner's *post hoc* arguments on judicial review are immaterial.[57]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight.  In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 404.1527(c)(i)-(ii), (3)-(6).

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source;[58]

- the rejection or discounting of the weight of a treating source without assigning weight;[59]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining);[60]

---

[56] *Blakley*, 581 F.3d at 407.

[57] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147, at *8 (N.D. Ohio Jan. 14, 2010).

[58] *Blakley*, 581 F.3d at 407-08.

[59] *Id.* at 408.

[60] *Id.*

-11-

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source;[61]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefore;[62] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[63]

The Sixth Circuit in *Blakley*[64] expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[65]  Specifically, *Blakley* concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[66]

In *Cole v. Astrue*,[67] the Sixth Circuit reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently

---

[61] *Id.* at 409.

[62] *Hensley*, 573 F.3d at 266-67.

[63] *Friend*, 375 F. App'x at 551-52.

[64] *Blakley*, 581 F.3d 399.  *See* n.31, *supra*, regarding the change in the regulation's subparts.

[65] *Id.* at 409-10.

[66] *Id.* at 410.

[67] *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011).

deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[68]

### 3. *Subjective symptom evaluation*

As the Social Security Administration has recognized in a policy interpretation ruling on evaluating symptoms in disability claims,[69] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms will be considered with other relevant evidence in deciding disability:

> If we cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms. . . . We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and other evidence.[70]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms

---

[68] *Id.* at 940.

[69] Social Security Ruling ("SSR") 16-3p, Evaluation of Symptoms in Disability Claims, 2017 WL 5180304.

[70] *Id.* at *6.

have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements.[71]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[72]

As a practical matter, in the evaluation of subjective symptoms, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[73] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his or her claim.

The regulations set forth factors that the ALJ should consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[74]

---

[71] 20 C.F.R. § 404.1529(c)(2).

[72] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 988-89 (N.D. Ohio 2003).

[73] 20 C.F.R. § 404.1529(c)(3).

[74] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents evidence of these factors consistent with other evidence in the record, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

Importantly, evaluation of subjective symptoms is not an assessment of the claimant's character or truthfulness.[75] Instead, the ALJ's examination must focus on "whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the [claimant]'s symptoms and given the [ALJ]'s evaluation of the [claimant]'s symptoms, whether the intensity and persistence of the symptoms limit the [claimant]'s ability to perform work-related activities . . . ."[76] The Social Security ruling makes clear that "[t]he determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be *clearly articulated* so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."[77]

---

[75] SSR 16-3p at *11.

[76] *Id.*

[77] SSR 16-3p at *10 (emphasis added).

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. A court may not disturb the ALJ's "analysis and the conclusions drawn from it – formerly termed a credibility determination –" absent compelling reason.[78]

## B.    Application of standards

As the Sixth Circuit has stated time and again, the ALJ must make an express finding regarding the controlling weight of a treating source's opinion.  In doing so, the ALJ must apply the factors identified in the regulation:  (1) whether the opinion is well-supported by clinical laboratory diagnostic techniques and (2) whether the opinion is consistent with other substantial evidence in the administrative record.  Even if not given controlling weight, a rebuttable presumption exists that the opinion should receive great deference.  If the ALJ does not give the opinion great deference, he must state good reasons for not doing so keyed to the factors in the regulation.  It is not enough to make conclusory statements referencing the factors in the regulation without discussion of the evidence.

As the *Gayheart* court stated, the conclusion that opinions are not well-supported by objective findings without more is ambiguous.[79]  The court observed in *Rogers* that the mere reference to the factors set out in the regulation does not satisfy the good reasons

---

[78] *Robinson v. Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2437560 (E.D. Mich. May 8, 2018) (citing *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011); *Warner v Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)), *report and recommendation adopted by Robinson v Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2431689 (E.D. Mich. May 30, 2018).

[79] *Gayheart*, 710 F.3d at 377.

-16-

requirement.[80]  And as the court explained in *Friend v. Commissioner of Social Security*, "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion gets the short end of the stick."[81]  One district court in the circuit has properly observed that, to satisfy the good reasons requirement, the ALJ needs to do more than refer generally to treatment notes and clinical findings because such conclusions beg the question "what treatment notes? what clinical findings?"[82]

While "the court may look beyond the ALJ's weight analysis for explanation of the weight decision, the review is limited to the articulation in the opinion itself that explains the decision in terms of regulatory factors, not mere reference to exhibits within the record that, if reviewed by the court, may support the ALJ's weight decision."[83]

Here, treating physician Atul Goswami, M.D., rendered his opinion on April 21, 2015[84] before the amended onset date – August 1, 2015.[85]  The ALJ failed to identify Dr. Goswami as a treating source, and he did not make an express finding about controlling

---

[80] *Rogers*, 486 F.3d at 245-46.

[81] *Friend*, 375 F. App'x 543, 552.

[82] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *6 (S.D. Ohio Mar. 5, 2014).

[83] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2014 WL 1944247, at *7 (N.D. Ohio May 14, 2014).

[84] Tr. at 403-04.

[85] *Id.* at 26.

weight.[86]  The ALJ then failed to state what weight he assigned to Dr. Goswami's opinion; he merely stated that (1) Dr. Goswami's progress notes do not contain objective findings, without any citation to the record; (2) the opinion was not supported by other medical evidence in the record, citing generally Dr. Goswami's own treatment records in support; and (3) Jones's ADLs established she was not as limited as Dr. Goswami opined.[87]  The ALJ's discussion of Dr. Goswami's treatment notes earlier in the decision is brief and lacking in detail to support the general statements that the progress notes lack objective findings and do not support the opinion given.[88]

The ALJ's treatment of Dr. Goswami's opinion fails to meet the due process requirements required under the Commissioner's own regulations as interpreted and set forth by the Sixth Circuit.  Therefore, remand is required.  The Commissioner should reevaluate Jones's subjective complaints on remand as appropriate.

It seems necessary to reiterate a statement from a previous opinion in *Smith v. Commissioner of Social Security*: "[G]iven the Sixth Circuit's continuing, unvaried insistence over the past 10 years on compliance with the 'good reasons' requirement in the regulations as a mandatory procedural protection, it appears not too much to ask the ALJs to provide

---

[86] *Id.* at 30-31.

[87] *Id.* at 31.

[88] *Id.* at 30.

-18-

adequate, unified statements with good reasons supporting the weight assigned to treating physician opinions."[89]

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Jones had no disability.  Accordingly, I recommend that the decision of the Commissioner denying Jones's disability insurance benefits be reversed and remanded for proper consideration and evaluation of treating physician Dr. Goswami's opinion.

Dated: June 28, 2018                                   s/ William H. Baughman, Jr.
                                                                         United States Magistrate Judge

---

[89] *Smith*, 2014 WL 1944247, at *8 (internal citation omitted).

-19-

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[90]

---

[90] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).